IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                      Case No.  3:07cr57/MCR
                                     3:09cv303/MCR/EMT

PERCY JERMAINE WILLIAMS

_____

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 333). The government has filed a response (Doc. 342) and Defendant has filed a reply (Doc. 350). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that Defendant has not raised any issue requiring an evidentiary hearing, Rules Governing Section 2255 Cases 8(a) and (b), and that the motion should be denied and dismissed.

### Background and Analysis

Defendant, pursuant to a written plea and cooperation agreement, pleaded guilty to conspiracy to distribute and possess with intent to distribute one thousand kilograms or more of marijuana (Doc. 117). The amount of marijuana directly attributable to him was significantly less than one thousand kilograms, and he was sentenced to a term of fifty-one (51) months imprisonment (Doc. 222). The Eleventh Circuit Court of Appeal affirmed Defendant's conviction and sentence (Doc. 324) and he timely filed the instant motion to vacate on July 10, 2009.

Defendant raises a single ground for relief in his motion. He asserts that the Bureau of Prisons ("BOP") has failed to grant him credit for 11 months and 29 days he served in state custody. This time was served after his federal sentence was imposed but prior to his reporting to BOP

custody.  The Government has moved to dismiss the motion, asserting that Defendant's claim is not cognizable in this forum.

The grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited.  A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.  28 U.S.C. § 2255; Thomas v. Crosby, 371 F.3d 782, 811 (11th Cir. 2004); United States v. Phillips, 225 F.3d 1198, 1199 (11th Cir. 2000).  On the other hand, a challenge to the continuation or execution of an initially valid confinement is generally the sole issue in a § 2241 action.  *See* United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990); Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348 (11th Cir. 2008); Bishop v. Reno, 210 F.3d 1295, 1304 (11th Cir. 2000); *see also* Chambers v. United States, 106 F.3d 472, 474–75 (2d Cir. 1997) (noting that § 2241 allows challenges to the execution, rather than imposition of, a sentence and articulating instances where a federal prisoner may properly file a § 2241 petition).  In this case, the Defendant does not challenge the validity or legality of the 51-month sentence imposed in this case, but rather he challenges the BOP's failure to afford him credit for time he served in state custody before he reported to federal prison.  Defendant's claim is not cognizable under § 2255.  Instead, a claim seeking credit for time served must be brought under 28 U.S.C. § 2241 after the proper exhaustion of administrative remedies.  *See* United States v. Williams, 425 F.3d 987, 990 (11th Cir. 2005) (citing United States v. Flanagan, 868 F.2d 1544, 1546 (11th Cir. 1989)); United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000) (same); United States v. Gabor, 905 F.2d 76 (5th Cir. 1990).  Defendant's § 2255 motion is therefore subject to dismissal.  Furthermore, this court does not have jurisdiction to entertain a § 2241 petition because Defendant was incarcerated at a federal prison in Jesup, Georgia at the time he filed his motion, and jurisdiction over a § 2241 petition would lie in the district where he is incarcerated.  *See* Rumsfeld v. Padilla, 542 U.S. 426, 443, 124 S. Ct. 2711 (2004).

## Certificate of Appealability

As amended effective December 1, 2009, § 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. That the motion to vacate, set aside, or correct sentence (Doc. 333) be **DENIED** and **DISMISSED**.

2. That a certificate of appealability be **DENIED.**

At Pensacola, Florida, this 24th day of March 2011.


/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).